O/JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GREEN,<br><br>   Petitioner,<br><br>  v.<br><br>WARDEN AT MDC LOS ANGELES, *et al.*,<br><br>   Respondent. | Case No. LA CV 14-7643 AB (JCG)<br><br>**ORDER TRANSFERRING ACTION TO THE EASTERN DISTRICT OF PENNSYLVANIA** |

  On October 2, 2014, petitioner Mark Green ("Petitioner") filed a "Petition for Writ of Relief under the All Writs Act 28 U.S.C. § 1651(a)" ("Petition").  Petitioner is currently incarcerated at the Metropolitan Detention Center in Los Angeles, California.

  As a rule, under 28 U.S.C. § 1651(a), "all courts ... may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law."  (emphasis added); *see also Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) ("[T]he All Writs Act does not operate to confer jurisdiction and *may only be invoked in aid of jurisdiction which already exists*.") (emphasis added); *Chavez v. Super. Ct. of California*, 194 F. Supp. 2d 1037, 1039 (C.D. Cal. 2002) (The All Writs Act "is not itself a source of jurisdiction.").

  Here, Petitioner challenges his convictions for access device fraud, unauthorized

access device use, and aggravated identity theft, all of which were entered by the United States District Court for the Eastern District of Pennsylvania. (Pet. at 1-2.) Specifically, Petitioner challenges his convictions on the basis of alleged speedy trial violations. (*Id.* at 2-5.)

Thus, the United States District Court for the Eastern District of Pennsylvania, and not this Court, has jurisdiction over the instant Petition. *See Martinez v. Lockyer*, 453 F. Supp. 2d 1150, 1152 (C.D. Cal. 2006) ("A federal court which did not impose the sentence has no jurisdiction to issue a writ of error ... regardless of whether it is called coram nobis, habeas corpus[,] or some other type or relief.") (citation omitted).

Moreover, under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other ... court in which the action ... could have been brought[.]" The Ninth Circuit has held that "[n]ormally[,] transfer will be in the interest of justice because ... dismissal of an action that could [have been] brought elsewhere is time-consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citation omitted). Consequently, the Court finds that this action should be transferred to the United States District Court for the Eastern District of Pennsylvania in the interest of justice.

**IT IS HEREBY ORDERED** that this action be **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania, and that the Clerk of this Court shall effect such transfer.

**IT IS FURTHER ORDERED** that the Clerk shall serve a copy of this Order on Petitioner.

DATED: November 26, 2014

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE